UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STEPHON PIERRE,

                                              Plaintiff,

                                                  -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") MICHAEL HANNA,
P.O. YASSIR ZAHROOF, SGT. KIERAN HIGGINS,
P.O. JOHN SALERNO, and P.O. JOHN DOE 1-3,
in their individual capacities,

                                              Defendants.
------------------------------------------------------------------------x

**COMPLAINT AND
DEMAND FOR A JURY TRIAL**

Index No. 18 Civ. 7210

       Plaintiff Stephon Pierre, through his attorney Gillian Cassell-Stiga of Beldock Levine & Hoffman, LLP, as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Stephon Pierre's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched him. By reason of defendants' actions, including the unlawful warrantless entry into plaintiff's home, and defendants unreasonable and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, along with pendant claims under New York State law.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. As authorized by New York General Municipal Law § 50-e, Mr. Pierre filed a timely Notice of Claim with the New York City Comptroller on or about October 10, 2017 and with the New York City Public Housing Authority on November 2, 2017. Thus, this Court has supplemental jurisdiction over Mr. Pierre's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Pierre's claims have not been adjusted by the New York City Comptroller's Office nor the New York City Public Housing Authority.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

9. Plaintiff Stephon Pierre ("Pierre") is and was at all times relevant to this action, a resident of Richmond County in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force

and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. New York City Police Department Officer ("P.O.") Michael Hanna, P.O. Yassir Zahroof, Sgt. Kieran Higgins, P.O. John Salerno, and P.O. John Does 1-3 (referred to collectively as the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The Individual Defendants are being sued in their individual capacities.

13. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The Individual Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

16. The true name and shield number of defendant P.O. John Does are not currently known to the plaintiff.[1] However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

3

Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants becomes known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

17. On October 5, 2017, at approximately 6:45 a.m., the Individual Defendants unlawfully entered Mr. Pierre's home, without a warrant or exigent circumstances, 176 Schmidts Lane in Richmond County in the State of New York.

18. In the morning of October 5, 2017, Mr. Pierre was asleep in his bedroom.

19. Upon hearing a noise in the apartment, Mr. Pierre awoke to find the Individual Defendants standing in his apartment.

20. Mr. Pierre feared for his life.

21. Mr. Pierre had no idea how the officers gained entry to the apartment nor why men with firearms were in his apartment while he lay sleeping.

22. The officers did not have Mr. Pierre's consent to be in his apartment.

23. The Individual Defendants did not have a warrant to enter the apartment, nor did they have probable cause or exigent circumstances.

24. Mr. Pierre felt immediate panic and fear, and demanded the officers leave.

25. As a result of the unlawful entry, Mr. Pierre experienced extreme mental anguish, pain, and suffering.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (*Against the Individual Defendants*)

26. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unlawful entry into plaintiff's home, without consent, without a warrant, and without probable cause or exigent circumstances; (b) freedom from unreasonable seizure of plaintiff's person; (c) freedom from unlawful search of his person and home; and (d) failure to intervene to prevent the complained of conduct.

28. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
### (*Against defendant the City of New York*)

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

31. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the Individual Defendants and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the Individual Defendants.

32. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

33. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM FOR RELIEF
## TRESPASS
## UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against all defendants*)

34. Plaintiffs incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. The individual defendants entered the apartment without any occupants' consent, without a warrant and without exigent circumstances, and unlawfully remained therein, thereby interfering with the plaintiffs' right of possession.

36. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

37. The defendants' deprivations of plaintiffs' rights resulted in the injuries and damages set forth above.

### FOURTH CLAIM FOR RELIEF
### TRESPASS TO CHATTELS
### UNDER THE LAWS OF THE STATE OF NEW YORK
(*By all plaintiffs against all defendants*)

38. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. The individual defendants entered the apartment without any occupants' consent, without a warrant and without exigent circumstances, and unlawfully remained therein. The individual defendants thereafter physically searched through plaintiffs' personal belongings, including the contents of small drawers and containers, thereby interfering with the plaintiffs' right of possession.

40. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

41. The defendants' deprivations of plaintiffs' rights resulted in the injuries and damages set forth above.

### FIFTH CLAIM FOR RELIEF
### CONVERSION
### UNDER THE LAWS OF THE STATE OF NEW YORK
(*By all plaintiffs against all defendants*)

42. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

7

43. The individual defendants entered the apartment without any occupants' consent, without a warrant and without exigent circumstances, by knocking the door down and breaking the door frame, thereby rendering the door useless and requiring replacement and repair.

44. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

45. The defendants' deprivations of plaintiffs' rights resulted in the injuries and damages set forth above.

**SIXTH CLAIM FOR RELIEF
ASSAULT AND BATTERY
<u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>**
(*By plaintiff REYES against all defendants*)

46. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. By the actions described above, the individual defendants did inflict assault and battery upon plaintiff REYES. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to plaintiff REYES and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to plaintiff REYES pursuant to the state common law doctrine of respondeat superior.

49. The defendants' deprivations of plaintiff REYES' rights resulted in the injuries and damages set forth above.

### SEVENTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against all defendants*)

50. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

51. By the actions described above, defendants engaged in extreme and outrageous conduct, which negligently caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

### EIGHTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against all defendants*)

53. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

54. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**NINETH CLAIM FOR RELIEF**
**NEGLIGENCE**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

56. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57. Defendants owed a duty of care to Plaintiff to prevent the physical, mental, and economic damages sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

58. Defendants jointly and severally, negligently caused injury, pain and suffering, emotional distress, and damage to Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

59. Defendant City negligently hired, screened, retained, supervised, and trained the individuals defendants.

60. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

## TENTH CLAIM FOR RELIEF
## RESPONDEAT SUPERIOR LIABILITY
## UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against the City of New York*)

61. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

62. The conduct of the Individual Defendants as alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as police officers and/or while they were acting as agents and employees of the City of New York and, as a result, the City of New York, is liable to the plaintiff pursuant to state common law doctrine of respondeat superior.

63. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

[this portion intentionally left blank]

## JURY DEMAND

64. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

b. That he be awarded punitive damages against the Individual Defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
December 18, 2018

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Beldock Levine & Hoffman LLP
*Attorneys for the Plaintiff*
99 Park Avenue, PH/26th Floor
New York, New York 10016
t: 212-277-5824
e: gcassell@blhny.com